IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES TORNS, JR.**                                                                              **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 3:10cv260-TSL-MTP**

**STATE OF MISSISSIPPI, et al.**                                                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Order [3]. Having reviewed the complaint and the applicable law and being fully advised in the premises, the Court finds that Plaintiff's claims against W. Swan Yerger should be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff Charles Torns, Jr. filed this civil action pursuant to 42 U.S.C. § 1983 against numerous defendants,[1] including W. Swan Yerger, who at all relevant times was a circuit court judge for Hinds County, Mississippi. His [1] Complaint was filed after his release from the custody of the Mississippi Department of Corrections. He alleges "that he was unlawfully held in custody for more than six months beyond the date on which he was entitled to be released under his sentence." *See* Memorandum Opinion and Order [27] at pp. 1-2. *See also* Order [3] (". . . Plaintiff alleges that the Defendants violated his Constitutional rights when they miscalculated his time of incarceration, thereby detaining him illegally and causing him to

---

[1] By Memorandum Opinion and Order [27] dated April 8, 2011, Defendants State of Mississippi, Mississippi Department of Corrections, and Governor Haley Barbour were dismissed, principally on the ground of immunity.

remain in custody for six months and ten days, beyond his calculated release date . . .".).

That same order [3] also provided for issuance of summonses and process on all named defendants. All defendants, with the exception of Judge Yerger, have been served and appeared. Having carefully reviewed Plaintiff's claims, the Court is convinced that Plaintiff's claims against Judge Yerger must be dismissed on grounds of judicial immunity.

## ANALYSIS

### I.

Because the Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the Court determines that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim even before service of process or the filing of an answer). *See also Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (dismissing non-prisoner's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)); *Dawson v. Parkland Health and Hosp. Sys.*, 2006 WL 3342622, at *1 n.1 (N.D. Tex. 2006) ("Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases.") (citations omitted).

"A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (citations omitted). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Tex. Dep't of Criminal Justice*, 275 Fed. App'x 277, 278 (5th Cir. 2008) (quoting *Harper v. Showers*, 174 F.3d

2

716, 718 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry*, 275 Fed. App'x at 278 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). This Court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (citations omitted) (also recognizing that IFP proceeding may be dismissed at any time, including before service of process).

## II.

The Supreme Court has long recognized that judges are immune from liability in civil actions for their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). The Fifth Circuit has held that "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity . . . as a threshold matter in making a § 1915(d) determination."[2] *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

"Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). *See also Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983), *cert. denied*, 465 U.S. 1006 (1984) ("A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role.") (citations omitted); *Hampton v. Oktibbeha County Sheriff's Dep't*, 2005 WL 2736586, at *3 (N.D. Miss. 2005) (holding that

---

[2]Section 1915 was amended after *Boyd* in 1996 to redesignate former subsection (d) as (e) and former subsection (e) as (f). *See* Pub.L. 104-134, § 101[(a)][§ 804(a)(2)].

"[a]bsolute immunity for judicial acts of judges acting within their jurisdiction also applies to suits brought pursuant to 42 U.S.C. § 1983") (citations omitted). Further, judges are entitled to immunity even when their judicial acts "are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356 (internal quotations and citations omitted). *See also Arsenaux v. Roberts*, 726 F.2d 1022, 1023 (5th Cir. 1982). A judge will be deprived of immunity "only when he has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57 (internal quotations and citations omitted). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Judges acting in their official capacity also enjoy absolute immunity from suits for injunctive relief.[3] *See* 42 U.S.C. § 1983;[4] Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996); *Hampton*, 2005 WL 2736586, at *3 (citation omitted); *McSmith v. Chasez*, 2007 WL 1097400, at *2 (E.D. La. 2007). The Federal Courts Improvement Act ("FCIA") of 1996 amended 42 U.S.C. § 1983 to "extend[] the doctrine of judicial immunity to

---

[3]Plaintiff primarily seeks monetary damages in the prayer for relief in his complaint.

[4]Section 1983, as amended by the Federal Courts Improvement Act of 1996, states in part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .*

42 U.S.C. § 1983 (1996) (emphasis added).

injunctive relief, damages, and precluded costs and attorneys' fees in § 1983 suits against the judiciary unless a declaratory decree was violated or declaratory relief was unavailable." *Hampton*, 2005 WL 2736586, at *3 (citations omitted). *See also* 42 U.S.C. § 1983 (1996).

The Fifth Circuit applies the following four-part test to determine whether an act is a "judicial act" that justifies immunity: (1) whether the alleged act is a normal judicial function; (2) whether the act occurred in the judge's courtroom or chambers; (3) whether the controversy involved a case pending before the judge; and (4) whether the act arose directly out of a visit to the judge in his official capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citations omitted); *Ammons*, 705 F.2d at 1447 (citing *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982)); *Hampton*, 2005 WL 2736586, at *2. These four factors are to be "broadly construed in favor of immunity." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985), *cert. denied*, 474 U.S. 1101 (1986).

Broadly construing the factors set forth above, the Court finds that the alleged acts of Judge Yerger were "judicial acts." The only reference to Judge Yerger in the [1] Complaint is in paragraph 16. Plaintiff asserts that he filed a petition for writ of mandamus in the Mississippi Supreme Court and that his mandamus request was treated by the trial judge as a motion for post-conviction relief. Judge Yerger denied the request for post-conviction relief. Plaintiff also alleges that the trial judge did not afford Plaintiff an opportunity to admit or deny the correctness of information provided by other defendants, which led to the denial of jail-time pretrial credits. This information allegedly was provided through the Circuit Clerk's and Sheriff's dockets/minutes and information furnished by officials of the Mississippi Department of Corrections. Therefore, all of the actions allegedly taken by or ascribed to Judge Yerger occurred

while he was presiding over or otherwise handling the Plaintiff's case pertaining to relief sought in state court. Accordingly, Judge Yerger is immune from liability in this suit.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Plaintiff's claims against W. Swan Yerger be **DISMISSED** with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b), any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing parties. The District Judge at the time may accept, reject or modify in whole or part the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[5]

**THIS** the 26th day of August, 2011.

s/Michael T. Parker  
United States Magistrate Judge

---

[5]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.