IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES TORNS, JR.**                                                                                         **PLAINTIFF**

**v.**                                                                                        **CIVIL ACTION NO. 3:10cv260-TSL-MTP**

**STATE OF MISSISSIPPI, et al.**                                                                **DEFENDANTS**

## ORDER

This matter is before the Court on what has been docketed as Plaintiff's [32] Motion to Grant Miscellaneous Reliefs,[1] and Plaintiff's [33] Motion for Extension of Time Within Which to File the Plaintiff's Pro Se Motions.  The former motion seeks appointment of counsel and a change of venue, and will also be construed as a request to strike pre-discovery disclosures in the record (*see* docket entry [30]).  The latter asks for an extension of the motions deadline currently set by the [29] Case Management Order.  Having considered the motions and the entire record in this matter, as well as the applicable law, the Court finds that the [32] motion to appoint counsel and for other relief, as well as the [33] motion to extend the motions deadline, should be denied.

## DISCUSSION

### I.

### APPOINTMENT OF COUNSEL

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915.  *Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264,

---

[1]The document is styled as "Plaintiff's Response in Opposition to the Defendant[s'] Pre-Discovery Disclosures of Defendants Malcolm E. McMillin and the Hind[s] County Board of Supervisors," and has also been docketed under this title at [34].

266 (5th Cir. 1982). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Court for the So. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985). *See also Ulmer*, 691 F.2d at 212 (5th Cir. 1982). Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253. *See also Ulmer*, 691 F.2d at 213.

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus, the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253. *See also Ulmer*, 691 F.2d at 213.

This Court is given considerable discretion in determining whether to appoint counsel.

*Id*. Under the circumstances presented in the instant case, the Court has determined that Plaintiff's pleadings contain no novel points of law which would indicate the presence of "exceptional circumstances." Indeed, Plaintiff is no stranger to the federal court system. *See Torns v. MDOC*, 2009 WL 1686546 (S.D. Miss. 2009). Although he states that he has had strokes, the record shows that Plaintiff is able to effectively communicate and present his side of the case as evidenced in the pleadings filed by Plaintiff to date. Plaintiff also participated in the Case Management Conference held on August 9, 2011, and was able to set forth his legal position. The issues are not complex and do not merit or justify the appointment of counsel; on the contrary, Plaintiff appears to be very familiar with the factual and legal theories underlying his cause of action.

Plaintiff's motion simply does not establish any "exceptional circumstances." Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

## II.

### MISCELLANEOUS

Plaintiff instituted this cause of action in this forum. The cause of action arises from his conviction and sentence in the State of Mississippi and is lodged against state and local officials. Plaintiff has not established that he is entitled to a change of venue to the United States District Court of California pursuant to 28 U.S.C. § 1404.

Plaintiff has also not provided a valid basis for striking certain defendants' pre-discovery disclosures. Nor is an extension of the motions deadline justified. The Court has provided adequate time in the [29] Case Management Order for all deadlines.[2] Plaintiff has made no

---

[2]The Case Management Order was entered August 10, 2011.

showing that the deadlines cannot be met.[3]

Accordingly, **IT IS ORDERED**:

Plaintiff's Motion for Appointment for Counsel [32] (including a request for a change of venue and to strike certain defendants' pre-discovery disclosures) is **DENIED**.

Plaintiff's Motion for Extension of Time Within Which to File Motions [33] is **DENIED**.

**SO ORDERED** this the 22nd day of September, 2011.

                                              s/Michael T. Parker
                                              United States Magistrate Judge

---

[3] The due date for motions is December 15, 2011.